UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN JACKSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>　　　　　Respondent. | No. 1:21-cv-00250-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 6) |

　　　　Petitioner Deshawn Jackson is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 25, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed as an unauthorized second or successive petition.  (Doc. No. 6.)  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 3.)  On March 16, 2021, after the court granted his motion for an extension of time, petitioner filed objections to the findings and recommendations.  (Doc. No. 9.)

1 In his objections, petitioner makes various arguments as to why his successive petition should be permitted. However, the court is without jurisdiction to consider those arguments because, as noted by the magistrate judge, a petitioner must first obtain authorization from the Ninth Circuit before he can submit an application to file a successive petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the magistrate judge's analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 25, 2021 (Doc. No. 6), are adopted in full;

2. The petition for writ of habeas corpus is dismissed as successive;

3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 9, 2021**

_____
UNITED STATES DISTRICT JUDGE